JTW: 02.14.24
CJF USAO 2022R00038

FILED _____ ENTERED
LOGGED _____ RECEIVED

FEB 27 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Criminal no. ELH 23-0037 |
| | * | |
| v. | * | (Possession with the Intent to |
| | * | Distribute Controlled Substances, 21 |
| NORMAN WARD, | * | U.S.C. 841(a); Aiding and Abetting, |
| | * | 18 U.S.C. § 2; Forfeiture, 21 U.S.C. |
| Defendants. | * | § 853, 28 U.S.C. § 2461(c), Fed. R. |
| | * | Crim. P. 32.2.(a)) |
| | * | |

******

## SUPERSEDING INFORMATION

### COUNT ONE

The United States Attorney for the District of Maryland charges that:

On or about October 21, 2020, in the District of Maryland, the defendant

**NORMAN WARD,**

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a).

21 U.S.C. § 841
18 U.S.C. § 2

## FORFEITURE ALLEGATION

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, in the event of the defendant's conviction under Count One of this Superseding Information.

2. Upon conviction of the offense alleged in Count One of this Superseding Information, the defendant shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and

   b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense.

### Property Subject to Forfeiture

3. The property subject to forfeiture includes, but is not limited to:

   a. a 10-karat white-gold men's "No Excusez" diamond pendant; and

   b. a sterling silver Cuban link chain.

### Substitute Assets

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853

            *Erek Barron*/by
            Erek L. Barron
            United States Attorney